IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES JACKSON, #288-787,  *

  v.  * CIVIL ACTION NO. PJM-12-0456

BOBBY P. SHEARIN, et al.,  *
\*\*\*\*\*\*

**MEMORANDUM OPINION**

On February 14, 2012, Petitioner James Jackson filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first-degree murder and related offenses entered in 1992.[1] ECF No. 1.  On March 23, 2012, Respondents filed an Answer which solely addresses the timeliness of Petitioner's application. ECF No. 5.  Petitioner was advised of his opportunity to file a reply. ECF No. 6.  Petitioner filed his reply upon receipt of Respondents' Answer.  ECF No. 4.

Petitioner pled guilty on September 22, 1992, in the Circuit Court for Anne Arundel County, Maryland to first-degree murder, arson, and use of a handgun in a crime of violence. ECF No. 5, Ex. 1. He was sentenced in December of 1992, to life imprisonment for the murder count, a consecutive ten year term of imprisonment for the arson count, and a concurrent term of twenty years imprisonment on the handgun count. *Id.*, Exs. 1 & 2.  Petitioner did not file a timely application for leave to appeal *Id.*, Ex. 1.

On April 28, 1997, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq.* He withdrew the petition, on February 19, 1998. *Id.*, Ex. 1.

---

[1] The Petition, received on February 14, 2012, is dated February 9, 2012 and is deemed filed on that date.

1

Petitioner filed a motion to correct an illegal sentence on June 26, 2000. The motion was denied on July 20, 2000. *Id.*, Ex. 1. The Court of Special Appeals affirmed the denial. The Courts mandate issued on June 21, 2001. *Id.*, Exs. 1 & 2. Jackson did not seek further review of the judgment, which therefore became final on July 6, 2001. *See* Md. Rule 8-302 (petition for writ of certiorari to be filed not later than 15 days after Court of Special Appeals mandate issues).

Petitioner filed a second petition for post-conviction relief on September 3, 2002. *Id.*, Ex. 1. He withdrew the petition on December 20, 2002. *Id.* On May 15, 2008, Petitioner again instituted state post-conviction review. A hearing on the petition as held on October 30, 2009. The petition was denied on January 14, 2010. *Id.* Petitioner filed an application for leave to appeal the denial of post-conviction relief which was summarily denied by the Court of Special Appeals of Maryland in an unreported opinion dated July 6, 2011. The Court's mandate issued August 5, 2011. *Id.*, Ex. 3.

Petitioner filed a motion to reopen post-conviction proceedings on September 26, 2011. The motion was denied on November 15, 2011. Petitioner did not file an application for leave to appeal. *Id.*, Ex. 1.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was signed into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for a person convicted in a state court. *See* 28 U.S. C. § 2244(d).[2]

---

[2]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by

2

Although the statute is silent as to how it should be applied to persons such as Petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).

The statute of limitations began to run in Petitioner's case on April 24, 1996, and expired one year later. Petitioner had no proceedings pending during that time which would toll the limitations period. Moreover, after Petitioner withdrew his first petition for post-conviction relief he waited over two years before filing a motion to correct illegal sentence. After that motion was concluded he waited over one year before re-filing his petition for post-conviction relief. After withdrawing that petition he had nothing pending from December 20, 2002, until May 15, 2008, a period in excess of five years.

---

such State action;
(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

In *Holland v. Florida,* --- U.S. ----, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[3]

Petitioner indicates that his claim should not be time barred because he filed the instant petition within one year of the conclusion of his state post-conviction proceedings. Petitioner is simply incorrect in his understanding of how the federal limitations period runs. He fails to offer any explanation for the multiple years of inactivity between the finalization of his conviction and the institution of his state post-conviction proceedings. Nor does he provide explanation for the numerous withdrawals of post-conviction proceedings and long delays between re-filing those proceedings. Petitioner's self- represented status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the Court does not find Petitioner's arguments for equitable tolling compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th

---

[3] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable

4


Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.  Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

<u>May 24, 2012</u>                                           <u>         /s/         </u>
   Date                                                   PETER J. MESSITTE
                                                    UNITED STATES DISTRICT JUDGE

---

tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)